T. M. LYBASS, *Appellant*, v. THE TOWN OF FORT MYERS, *Appellee*.

1. Where a decree *pro confesso* entered by the clerk under the rule states that service was had on each of two named defendants "by due course of publication and posting a copy of the order of publication at the court house door as appear from the certificate of the clerk of the Circuit Court and the affidavit of the publisher herein filed," and the certificate of the clerk, required by the statute to be filed before decree *pro confesso* is entered, states that the order giving notice was published as required by the statute," "and a copy thereof was posted at the court house in          it being the place where the court is being held in said county, and a copy thereof mailed to H. and L" as required by the statute, it must be assumed that the copy of the order was posted at the court house *docr,* and that a copy

thereof was mailed by *the clerk to each* of the defendants, and, in the absence from the transcript of the affidavit of the publisher referred to in the decree *pro confesso,* it must be assumed that publication was properly made so as to give the court jurisdiction to enforce a lien upon property in which the defendants had interests.

2. A decree *pro confesso* is authorized against a defendant in an equity suit only when there has been proper service of process or its equivalent in waiver or appearance, and a failure to plead, answer or demur to the bill of complaint as required by law and the rules of practice.

3. Upon the proper entry of a decree *pro confesso* the defendant by failing to plead is held to have admitted the allegations of fact and the fair inferences and conclusions of fact to be drawn from the allegations contained in the bill of complaint.

4. After decree *pro confesso* in an equity cause the proceedings are *ex parte* and the defendant in default is not entitled as of right to present a defense, but is not deprived of the right to question the legality and material correctness of the proceedings.

5. Any decree entered consequent upon a decree *pro confesso* should be in accordance with law and with the sufficient allegations of the bill of complaint that are admitted or properly proven.

6. If allegations of the bill of complaint as to conclusions of law drawn from, or as to provisions or principles of law applicable to, the facts alleged, are not correct as matter of law, an erroneous decree entered in accordance with such allegations may be assigned as error and reversed on a proper appeal by an interested defendant against whom a decree *pro confesso* was entered.

7. In rendering a decree consequent upon a decree *pro confesso* the court should take care that no errors of law or of procedure be committed. If a decree is entered that in whole or in part is not warranted by the law or by the allegations and prayer of the bill of complaint, or by the rules of procedure, such de-

Lybass v. Town of Ft. Myers.—Syllabus.

cree being erroneous may be assigned as error and reversed upon proper appeal.

8. All private rights and interests in real property in a municipality are subject to the statutory powers of the municipality to levy assessments for local improvements pursuant to its governmental functions; and the legislature may by statute create liens upon private property in favor of a municipality for local improvements, and make such liens superior to other liens acquired subsequent to the enactment of the statute.

9. The intention of the law making power to give priority to a municipal lien for local improvements over contract liens of individuals may be implied from the language of the law creating the lien and from the nature and purpose of the lien.

10. A statutory municipal lien upon abutting lots for sidewalk improvements being in the nature of a governmental tax has relation to the statute, and such a lien may be superior to a mortgage lien upon the lots given after the enactment of the law creating the lien but before the improvements upon the sidewalks were made.

11. Where a municipality has a statutory right to a lien upon abutting lots for sidewalk improvements, any mortgage lien taken subsequent to the statute is subject thereto, and where the improvements are made the lien of the city under the statute is superior to the mortgage lien.

This case was decided by Division A.

Appeal from the Circuit Court for Lee County.

The facts in the case are stated in the opinion of the court.

*T. L. Wilson,* for appellant.

*L. A. Hendry,* for appellee.

WHITFIELD, J.—The Town of Fort Myers filed in the Circuit Court for Lee county a bill in equity to enforce a lien for sidewalk assessments upon real estate of James A. Hendry, in the town of Fort Myers, upon which property T. M. Lybass held a mortgage anterior in date to the lien of the town for the sidewalk assessments.

The mayor of the town made affidavit "that the defendants James A. Hendry and T. M, Lybass are non-residents of the United States of America but that each of them are residents of Camaguay, Cuba, to the best of his belief; * * * that each of said defendants are over the age of twenty-one years, and that there is no person in the State of Florida, the service of a subpoena upon whom would bind the defendants.    Affiant therefore prays that an order of publication be issued in this behalf against the defendants as provided by law."

On April 3, 1907, the clerk of the Circuit Court made an order that "it appearing by affidavit appended to the bill filed in the above stated cause that James A. Hendry and T. M. Lybass the defendants therein named are non-residents of the United States of America and are residents of Camaguay, Cuba, and are each over the age of twenty-one years; it is therefore ordered that said non-resident defendants be and are hereby required to appear to the bill of complaint filed in said cause on or before Monday the third day of June, A. D. 1907, otherwise the allegations of said bill will be taken as confessed by said defendants.    It is further ordered that this order be published once a week for eight consecutive weeks in the Fort Myers Press, a newspaper published in said county and State." On August 5, 1907, the clerk certified "that the foregoing order has been published for 8 consecutive weeks in the Fort Myers Press, a newspaper

published in Fort Myers, Lee County, Florida, and a copy thereof was posted at the court house in———————— it being the place where the court is held in said county, and a copy thereof mailed to James A. Hendry and T. M. Lybass at Camaguay, Cuba, within twenty days after the making of said order."

On August 5, 1907, a decree pro confesso was entered against the defendants James A. Hendry and T. M. Lybass stating that service having been had on the named defendants "by due course of publication and posting a copy of the order of publication at the court house door as appear from the certificate of the clerk of the Circuit Court and the affidavit of the publisher herein filed, and the defendants having failed to plead, answer or demur to the complainant's bill herein filed; therefore it is ordered that the said bill be taken as confessed by the defendant and that complainant have leave to proceed ex parte."

The court in its decree found "that the defendants James A. Hendry and T. M. Lybass were duly and legally served with notice of the suit by publication as required by law, and that the court has jurisdiction of the defendants and of the subject-matter of said suit;" and decreed "that the complainants' lien takes priority over the lien of the defendant by virtue of the statutes of the State of Florida and the ordinances of said town of Fort Myers, as set forth in complainant's bill of complaint." The enforcement of the lien of the town for sidewalk assessments was decreed. On appeal by the mortgage lienholder errors are assigned as to (1) the adjudged priority of complainant's lien over the mortgage lien; (2) the legality of the service by publication.

It is contended that the trial court had no jurisdiction over the appellant because the certificate of the clerk as

to the publication of the constructive service of notice is fatally defective in that the certificate does not state (1) that a copy of the order of publication was posted at the court house *door;* (2) that a copy of the order was mailed *by the clerk* to *each* of the defendants; (3) that the order of publication was published *once a week* for eight consecutive weeks, giving the dates of either or all of the publications.

Section 1897 of the General Statutes provides that "the clerk, before a decree pro confesso upon constructive service shall be entered, must file with the papers a certificate that compliance with section 1866 has been had, stating particularly the manner and time of such compliance." Section 1866 requires that whenever the complainant, his agent or attorney, shall state in a sworn bill or affidavit, duly filed, the belief of the affiant that the defendant is a resident of another State or country, and the belief of affiant as to the age of the defendant, the judge or clerk of the court shall make an order against the defendant requiring him to appear to the bill upon a day to be fixed by the order, not less than fifty nor more than eighty days if he be stated to be a non-resident of the United States; that the clerk shall have all orders of publication published with as little delay as may be, in such newspaper as may be designated in the order, once a week for eight consecutive weeks, and shall within twenty days of the making of the order, post a copy of said order at the door of the court house of the county, and send by mail a copy to the defendant, if his residence be shown by the bill or affidavit.

The certificate of the clerk is that the order was published for eight consecutive weeks, and that a copy thereof was posted at the court house and a copy thereof

mailed to James A. Hendry and T. M. Lybass at Cama-
guay, Cuba, within twenty days after the making of the
order.

It is true the certificate does not state that the order
was posted by the clerk at the court house *door,* or that
*the clerk* mailed to *each* of the defendants a copy of the
order or that the order was published *once a week* for
eight consecutive weeks; and the dates of the several
publications are not given in the certificate of the clerk.
But it is also true that the decree pro confesso entered by
the clerk in terms states that "service having been had
on the defendants James A. Hendry and T. M. Lybass
by due course of publication and posting a copy of the
order of publication at the court house door as appear
from the certificate of the clerk of the Circuit Court and
the affidavit of the publisher herein filed," &c. and the
decree *pro confesso* was entered by the clerk. The ap-
pellant has not brought here "the affidavit of the pub-
lisher herein filed," and, as it is the province of such affi-
davit to show the dates of publication, in the absence of
the affidavit from the transcript brought here, it must
be assumed that the decree *pro confesso* was entered upon
a proper affidavit. The failure of the clerk's certificate
to state that a copy of the order was posted at the court
house *door* is remedied by the statement of the clerk in
the decree *pro confesso* that a copy of the order was
posted "at the court house door." It must be assumed
that the copy of the order was posted by the clerk or un-
der his authority; and from the language of the certificate
the conclusion is drawn that a copy of the order was
mailed *by the clerk to each* of the defendants. The cer-
tificate of the clerk, taken in connection with the state-
ments in the decree *pro confesso* and the absence of the
affidavit of the publisher referred to in the decree *pro.*

*confesso,* states with sufficient particularity the manner and time of compliance with the statute as to constructive service by publication.

It cannot be said there was a failure to comply with the essential requirements of the statute, as in Shrader v. Shrader, 36 Fla. 502, 18 South. Rep. 672, or that it appears that only one and not which one of the defendants was served as in Wylly v. Sanford Loan & Trust Co., 44 Fla. 818, 33 South. Rep. 453.

A decree *pro confesso* is authorized against a defendant in an equity suit only when there has been proper service of process or its equivalent in waiver or appearance, and a failure to plead, answer or demur to the bill of complaint as required by law and the rules of practice.

Upon the proper entry of a decree *pro confesso* the defendant by failing to plead is held to have admitted the allegations of fact and the fair inferences and conclusions of fact to be drawn from the allegations contained in the bill of complaint.

The proceedings after decree *pro confesso* are *ex parte* and the defendant in default is not entitled as of right to present a defense, but is not deprived of the right to question the legality and material correctness of the proceedings.

Any decree entered consequent upon a decree *pro confesso* should be in accordance with law and with the sufficient allegations of the bill that are admitted or properly proven.

If allegations of the bill of complaint as to conclusions of law drawn from, or as to provisions or principles of law applicable to, the facts alleged, are not correct as matter of law, an erroneous decree entered in accordance with such allegations may be assigned as error and re-

-versed on a proper appeal by an interested defendant against whom a decree *pro confesso* was entered.

In rendering a decree consequent upon a decree *pro confesso* the court should take care that no errors of law or of procedure be committed. If a decree is entered that in whole or in part is not warranted by the law or by the allegations and prayer of the bill of complaint or by the rules of procedure, such decree being erroneous may be assigned as error and reversed upon proper appeal. 5 Ency. Pl. & Pr. 986, et seq.; Ohio Cent. R. Co. v. Central Trust Co. of New York, 133 U. S. 83, 10 Sup. Ct. Rep. 235; Price v. Boden, 39 Fla. 218, 22 South. Rep. 657; VanZile's Eq. Pl. & Pr. § 101; Beach's Mod. Eq. Pr., § 199 *et seq.* Cramer v. Bode, 24 Ill. App. 219; Cowan v. Wells, 5 Lea (Tenn.) 682; 16 Cyc. 494, *et seq.;* City of Orlando v. Equitable Building & Loan Ass'n, 45 Fla. 507, 33 South. Rep. 986; Lyle v. Winn, 45 Fla. 419, 34 South. Rep. 158; King v. Bell 54 Fla. 568, 45 South. Rep. 488; Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020.

The bill of complaint alleges that the defendant Lybass held a mortgage lien upon the property in controversy prior in date to complainant's statutory lien, but that the complainant's lien is in law superior to the defendant Lybass' lien.

The decree *pro confesso* operates as an admission by the defendant Lybass of the allegation of fact that his mortgage lien is prior in date to the complainant's lien, but it does not constitute an admission that as a matter of law the complainant's lien is superior to the mortgage lien of the defendant Lybass.

The decree adjudicates the priority of the complainant's statutory lien over the defendant Lybass' mortgage lien, and the defendant Lybass having taken an appeal as

authorized by law has the right to assign as error the decree adjudging the priority.

All private rights and interests in real property in a municipality are subject to the statutory powers of the municipality to levy assessments for local improvements pursuant to its governmental functions; and the legislature may create liens upon private property in favor of a municipality for local improvements, and to make such liens superior to other liens acquired subsequent to the statute.

The intention of the law making power to give priority to a municipal lien for local improvements over contract liens of individuals may be implied from the language of the law creating the lien and from the nature and purpose of the lien. Dressman v. Farmers' & Traders Nat. Bank, 100 Ky., 571, 38 S. W. Rep. 1052; Elliott on Roads & Streets (2nd ed.) § 599; Provident Inst. for Sav. v. Jersey City, 113 U. S. 506, 5 Sup. Ct. Rep. 612; Wabash East Ry. Co. of Ill. v. Commissioners East Lake Fork Special Drainage Dist., 134 Ill. 384, 25 N. E. Rep. 781; Seattle v. Hill, 14 Wash. 487, 45 Pac. Rep. 17; 25 Am. & Eng. Ency. Law (2nd ed.) 1236.

A statutory municipal lien upon abutting lots for sidewalk improvements being in the nature of a governmental tax has relation to the statute, and such a lien may be superior to a mortgage lien upon the lots given after the enactment of the law creating the lien but before the improvements upon the sidewalks were made.

The charter act of the town of Fort Myers provides that "the council may, by ordinance, require abutting owners of land to construct and keep in repair sidewalks along side their lots; and, upon the owner failing to construct or repair the same, the town may lay or repair them, and make the cost thereof a lien upon the land

abutting or fronting such sidewalk;" and that "in addition to the rights, powers and privileges herein conferred upon the town of Fort Myers, the said municipality is hereby vested with all rights, powers and privileges conferred upon towns under and by virtue of the general incorporation law of the State of Florida." Sections 27 and 31, Chapter 5496, Acts of 1905.

The general law provides that the city or town council shall have power "to require the owners of real estate within the corporate limits to construct uniform and substantial sidewalks around their several lots, and to keep the same in repair; and upon failure to do the same within the time and manner prescribed, the said council may have the same done, which shall be a lien against said lots which lien may be enforced in the manner prescribed," &c. Sec. 1017 General Statutes. This section of the law was enacted in 1887 and provides the lien. When the improvements are made the lien attaches, and being statutory and in the nature of a tax for governmental purposes, has relation to the statute. The lien is to "be enforced in the manner" of other liens.

The mortgage lien was taken subject to the statute authorizing the municipal governmental lien for sidewalk improvements as well as to other governmental demands for taxes or municipal assessments. The lien is for an improvement that enhances the value of the property and consequently the value of all liens upon it. The improvement is primarily for a governmental purpose in the interest of the public welfare, and as such is entitled to priority if so intended by the legislature. The exigencies of all governments justify giving to governmental taxes, assessments and demands priority over private rights.

As the lien is given by law in return for benefits to the

property as well as for the common good, and as the action of the town is in its governmental capacity, the demand is in the nature of a governmental assessment and has priority over the rights of all persons having an interest in the property if it can be gathered from the language and purpose of the law that such was the intention of the lawmaking power.

When the improvement is made by the town upon default of the owner a lien for the same attaches to the property; and, like liens for taxes, the lien for the improvements is intended for the general good of the town, and is a governmental demand upon the police power that has precedence over private rights and interests.

If, as it seems, governmental statutory liens for local improvements may be made superior to mere contract liens of private parties acquired after the enactment of the statute providing for the lien, it is not necessary for the statute to in terms enact the priority. From the nature of the governmental function being performed and the rights of the public in the enforcement of the police powers, it is clear the intention of the legislature was to put such liens upon the same footing as tax liens, thereby giving them priority over contract liens of private parties acquired subsequent to the enactment of the law providing for the lien of the municipality for sidewalk improvements.

If the right of the municipality to require the sidewalk improvements to be made is a governmental function and it is for the public good under the police power, the legislature could not have intended to leave it within the power of the lot owner to so encumber the land as to render nugatory or even to impair the municipal func-

tion to require sidewalk improvements at the expense of the property benefited thereby.

The decree is affirmed.

*Shackleford, C. J.,* and *Cockrell, J., concur;*

*Taylor, Hocker* and *Parkhill, JJ.,* concur in the opinion.