R. L. GAILEY, *Appellant,* v. A. L. ROBERTSON, MATTIE S. ROBERTSON, his wife, HOME PARK DEVELOPMENT COMPANY, a corporation, J. A. WEST, J. G. LANE, and THE CITY OF WINTER HAVEN, a municipal corporation, *Appellees.*

Division B.

Opinion filed July 18, 1929.

*Wilson & Boswell* for Appellant;

*Henry L. Jollay* for Appellees.

BUFORD, J.—In this case the Appellant holds a mortgage which he claims to be prior in dignity to the lien claimed by the City of Winter Haven, which lien was the result of a special assessment of the City against the property for a local improvement; to-wit: paving of certain streets abutting the property. The mortgage was dated May 7, 1925. The property involved was included in the City of Winter Haven by the Act of the Legislature Chapter 11301 approved June 2, 1925. The taxes by the City for the special improvement here involved were levied by authority of Section 9, Chapter 11300 Laws of 1925, which provided amongst other things the following:

" ' '* * * and said special assessment shall be and remain liens superior in dignity to all other liens except liens for taxes, until paid, from the date of the assessment upon the respective lots and parcels of land assessed, and shall bear interest at the rate of eight per cent per annum and may be, by the resolution aforesaid, made payable in ten equal yearly installments, with accrued interest on all deferred

payments, unless paid within thirty days after such assessment shall stand approved and confirmed, as provided in the preceding section'.''

The Chancellor held against the Appellant on demurrer interposed by the City of Winter Haven, from which holding and order appeal was taken.

The law applicable to this case was settled in this State in the case of Lybass v. Town of Fort Myers, 56 Fla. 817, 47 So. R. 346, in which the Court say:

''All private rights and interests in real property in a municipality are subject to the statutory powers of the municipality to levy assessments for local improvements pursuant to its governmental functions; and the legislature may by statute create liens upon private property in favor of a municipality for local improvements, and make such liens superior to other liens acquired subsequent to the enactment of the statute.

''The intention of the law making power to give priority to a municipal lien for local improvements over contract liens of individuals may be implied from the language of the law creating the lien and from the nature and purpose of the lien.

''A statutory municipal lien upon abutting lots for sidewalk improvements being in the nature of a governmental tax has relation to the statute, and such a lien may be superior to a mortgage lien upon the lots given after the enactment of the law creating the lien but before the improvements upon the sidewalks were made.

''Where a municipality has a statutory right to a lien upon abutting lots for sidewalk improvements, any mortgage lien taken subsequent to the statute

is subject thereto, and where the improvements are made the lien of the city under the statute is superior to the mortgage lien."

The only difference between the Fort Myers case and the case at bar is that in the Fort Myers case the statute authorizing the City to levy the special assessment existed at and prior to the date of the mortgage, while, in the instant case, the statute was enacted subsequent to the date of the mortgage.

The difference, however, is immaterial.

The Constitution of the State of Florida authorizes the Legislature to enlarge, contract, create and abolish municipalities and vests in such municipalities the sovereign power to assess and collect taxes for the maintenance of the municipality and for local improvements constituting municipal purposes.

When the Legislature of the State of Florida by Chapter 11300 extended the corporate limits of the City of Winter Haven and thereby authorized the municipality to exercise the sovereign power of levying municipal taxes against the property so included within the municipality, it created such levies and assessments of taxes a lien prior in dignity to all others except other tax levies.

It has been contended that this result would unlawfully impair the mortgage and thereby become an impairment of the vested right of the mortgagee. This contention is untenable. The mortgagee has no greater vested right in this regard than the fee simple owner and the rights of both must yield alike to the sovereign power when exercised to impose proper and lawful taxes. In the case of Wabash Eastern Railway Co. vs. East Lake Fork Special Drainage District, 134 Ill. 384, 10 L. R. A. 285, the Illinois Court dealing with the question here involved quoted with

approval from the opinion in Osterberg v. Union Trust Co., 93 U. S. 424, 23 L. Ed. 964, as follows:

"It is true that the title of a purchaser at a judicial sale, under a decree of foreclosure, takes effect by relation to the date of the mortgage, and defeats any subsequent lien or incumbrance. A lien for taxes does not, however, stand upon the footing of an ordinary incumbrance, and is not displaced by a sale under a pre-existing judgment or decree, unless otherwise directed by statute. It attaches to the *res* without regard to individual ownership, and when it is enforced by sale, pursuant to the Statute prescribing the mode of assessing and collecting the same, the purchaser takes a valid and unimpeachable title."

and continuing that Court further quotes with approval from the case of Cooper v. Corbin, 105 Ill. 224, the following language:

"Taxes levied upon real estate become a charge upon the land itself, and, if they are not paid, the land may be sold for the taxes due thereon, and the title will pass, regardless of any incumbrance resting on the land."

and then the Court further say:

"It is urged that the Drainage Law, so far as it attempts to give a lien for assessments superior to the liens of existing incumbrances, is unconstitutional, because it violates the obligation of contracts, or devests vested rights. This clearly cannot be so. Every property owner holds his property subject to the exercise of taxing power, and it is immaterial, so far as this question is concerned, what may be the

nature of his interest, whether the fee, an estate in expectancy, an estate for years or a mere lien. This is true, as everyone must admit, in relation to general taxes, where the only return to the taxpayer is the protection and security which the government gives him, and *a fortiori* should it be true in case of special assessments where, in theory at least, he receives an adequate and complete return for the money assessed in the enhanced value of the estate or property which he owns, or to which his lien attaches.''

See also Preston v. Anderson County Levee Dist. 261 So. W. R. 1071.

We, therefore, find no error in the order of the chancellor and the same should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., and ELLIS and BROWN, J. J., concur in the opinion and judgment.