Johnson, J.
In this action a judgment is sought declaring which of two litigants is the widow of Edward A. Kreidler, now deceased. At stake is the right to the widow’s and dependent’s benefit payable from the police pension fund pursuant to section B18-44.0 of the Administrative Code of the City of New York, the deceased having been a retired police officer.
The plaintiff Estelle E. Kreidler and Edward A. Kreidler were married in 1922. In 1926 they adopted a son, now of age. In 1938 Kreidler left his wife and late in that year they entered into a separation agreement; plaintiff continued to live at 64^38 Admiral Avenue, Maspeth, Queens, which had previously *87 been the family home. In 1944 Kreidler retired, went to Florida, procured a divorce and there married the defendant Euth Kreidler, one child having been born of this marriage. They lived together in Florida until Edward A. Kreidler died in 1954.
The plaintiff herein preliminarily contends that she is entitled to the widow’s allowance heretofore mentioned, whether or not the Florida divorce and the subsequent marriage are found valid. This right is claimed to flow from a provision of the separation agreement of 1938 reading as follows: “ Ninth: The party of the first part hereto further covenants and agrees that he will not change the beneficiary on any of the insurance policies or benefits on his life, permitting the party of the second part to remain as such beneficiary; that he will pay the premiums thereon and, in the event that he fails so to do, the party of the second part may pay the same and add the same to the moneys next due for her support and maintenance as aforesaid; and that the party of the second part is to have possession of all said policies.” However, the separation agreement also contained the following paragraph: “ Third: That this agreement contemplates all of the existing claims between the parties and provides therefor excepting, however, the right which either party may now have or may hereafter have to a divorce in this State or any other State of the United States, or any other dependency or any other state or territory having jurisdiction over the parties.”
In the court’s opinion, a consideration of this separation agreement as a whole indicates that the right to the widow’s allowance is not an insurance policy or benefit within contemplation of paragraph “ Ninth.” The pensioner’s widow, whoever she may be, is entitled to an allowance pursuant to statute, and not depending upon any rights created by the separation agreement. Since the agreement contemplated the possibility of divorce, it must also have contemplated the possibility of remarriage, with the consequent change of status. Kreidler’s nomination in 1940 of his wife Estelle as the person to receive a return of deductions in accordance with subdivision b of section B18-7.0 of the Administrative Code has no bearing upon the question, since Kreidler retired after the execution of that nomination and upon such retirement no one had any right to the return of his contributions.
Upon the record before the court it cannot be seriously questioned that Kreidler became in good faith a resident of Florida, and that the Circuit Court of Dade County, Florida, had jurisdiction to render a judgment of divorce, provided *88 its process was properly served upon Estelle E. Kreidler in 1944. She testified that she never received any notice whatever, personally or by mail, of the pendency of the Florida action, and it is against the regularity of the steps taken in Florida to subject her to the jurisdiction of the Florida court that her attack is directed.
A statement of the applicable Florida statutes existing in 1944 may at this point be helpful.
Section 48:13 of the Florida Statutes Annotated (eff. in 1941) reads in part as follows: “If the residence of any defendant or other party to be served by publication shall be stated in the sworn statement with more particularity than the name of the state or country in which the defendant resides, the clerk, or the judge if there be no clerk of such court, shall mail a copy of such notice by United States mail, with postage prepaid, to each such defendant within ten days after the making of the notice, the date of mailing to be noted on the docket.”
Section 48:14 of the Florida Statutes Annotated (eff. in 1941) reads in part as follows: “ After the notice to appear has been published or posted as aforesaid and proof thereof has been made * * * the plaintiff shall be entitled to a default or decree pro confesso ”.
An exemplified copy of the record in the Circuit Court was produced, certified to contain the entire proceedings. This record did not include a certificate of the mailing to the plaintiff of either a copy of the pleadings, or the notice to appear and defend, altho her address was sufficiently given in the pleading as 64-38 Admiral Avenue, Maspeth, Long Island, New York. There did appear in the record a handwritten notation on the notice to appear “ Mailed 6-29-44.” A decree pro confesso was entered reciting that it appeared from the files and records that the defendant had been constructively served as required by law. The record also included a report of a special master, reciting that the court had jurisdiction of the parties but no evidence of the acquisition of such jurisdiction was contained in the proof filed by the Special Master, or appeared in the files except as already specified.
Inquiry was made by counsel of the clerk of the Circuit Court of Dade County as to his explanation of the possible absence of proof of mailing of process to Estelle Kreidler, and he has issued various certificates which are before the court to the effect that the bill of complaint and notice to appear were mailed on June 29, 1944. Neither certificate includes a specific statement as to where the letter to Estelle Kreidler was deposited or *89 that postage was prepaid. The most elaborate certificate, that issued October 5,1955, so far as material, reads as follows: “I, E. B. Leatherman, Clerk of the Circuit Court of Dade County, Florida, do hereby certify that I did on June 29, 1944, mail a copy of the Bill of Complaint and Notice to Appear in the above styled cause to Estelle Kreidler, 64-38 Admiral Avenue, Maspeth, Long Island, New York. This letter to the named Defendant was not returned to this office by the U. S. Post Office and was presumed delivered.” Altho not exemplified, counsel have agreed that the absence of authentication is not material.
The fair inference from all the proof before this court is that unless the notation of mailing upon the face of the notice to appear is to be taken as a compliance with the statute, the Florida Court did not have proof before it of any mailing of process to Estelle Kreidler, the plaintiff, when the judgment of divorce was rendered in 1944, but that the clerk has now certified that process was in fact mailed.
The Circuit Court of Dade County is a court of general jurisdiction (Florida Const, art. V, § 1). All presumptions and intendments favor the validity of its judgments until a want of jurisdiction is affirmatively shown. In fact it appears to bo the law that a collateral attack such as is here made would not be permitted in the State of Florida but that the existence of a judgment would create a conclusive presumption of regular service of process (Bemis v. Loftin, 127 Fla. 515).
Furthermore, authority is not wanting for the proposition that the notation of mailing, made pursuant to the Florida statute (§ 48:13) previously quoted, constitutes sufficient proof of compliance therewith (Lybass v. Town of Fort Meyers, 56 Fla. 817). But even if such proof were found to be absent from the record, the contents of the certificate of the clerk now before the court causes this court to reach the conclusion that the Florida judgment must be found on all the evidence to have been rendered by a court having jurisdiction of the plaintiff.
Accordingly, the defendant Buth Kreidler, is entitled to judgment as prayed for in the counterclaim, and plaintiff’s complaint must be dismissed on the merits. No costs. Proceed on notice.