174 So.2d 466 (1965)
J.S. GLEASON, Jr., as Administrator of the Veterans Affairs, an officer of the United States of America, and his successors in such office, and his or their assigns, Appellant,
v.
DADE COUNTY, a political subdivision of the State of Florida, and Richard S. Gollach and Frances E. Gollach, his wife, Appellees.
No. 64-684.
District Court of Appeal of Florida. Third District.
April 27, 1965.
*467 David P. Catsman, Miami, for appellant.
Thomas C. Britton, County Atty., and Clyde Trammell, Jr., Asst. County Atty., for appellees.
Before BARKDULL, C.J., and TILLMAN PEARSON and SWANN, JJ.
SWANN, Judge.
Appellant filed a suit in chancery in Dade County, Florida, to foreclose a mortgage, dated September 9, 1961 and recorded September 12, 1961.
Dade County was joined as a party defendant because of two special assessment liens for unpaid waste fees against the property.
One lien was for waste fees unpaid from July 1, 1959 through June 30, 1962, in the amount of $19.93. The other lien was for unpaid waste fees from July 1, 1962 to December 31, 1963, in the amount of $43.12.
Dade County had recorded its special assessment liens on November 30, 1962. The liens had been imposed by the appellee under Ordinances 62-33 and 62-51, adopted by Dade County on July 31, 1962 and December 4, 1962, respectively.
The only issue before the trial court was whether the liens or the mortgage should be entitled to priority. The trial court ruled that the special assessment liens were valid and superior to the mortgage.
An appeal was taken challenging the ruling that the liens were superior to the mortgage, and also the constitutionality of Ordinance 62-33. The record does not reflect that the question of constitutionality was at issue before the trial court; or that this matter was properly presented to, or ruled upon, by the trial court. We therefore cannot consider this matter for the first time upon appeal. Chomont v. Ward, Fla. 1958, 103 So.2d 635; City of Pensacola v. Kirby, Fla. 1950, 47 So.2d 533; Babe, Inc. v. Baby's Formula Service, Inc., Fla.App. 1964, 165 So.2d 795.
It should also be pointed out that there is no question of "taxation" and that the law relating to "taxation" is inapplicable here. The case of Turner v. State, Fla. App. 1964, 168 So.2d 192, held that a waste fee was not a tax, but was a charge imposed for a special service.
The trial court in upholding the priority of the waste liens over the mortgage indicated that the cases of Gailey v. Robertson, 1929, 98 Fla. 176, 123 So. 692, and Lybass v. Town of Ft. Myers, 1908, 56 Fla. 817, 47 So. 346, were persuasive.
The Lybass case, supra, involved a suit by the Town of Ft. Myers to enforce a lien for sidewalk assessments. The Supreme Court held that the sidewalk assessment was a superior lien to a prior recorded mortgage, and said:
* * * * * *
"The intention of the lawmaking power to give priority to a municipal lien for local improvements over contract liens of individuals may be implied from the language of the law creating the lien and from the nature and purpose of the lien. Dressman v. Farmers' & Traders' Nat. Bank, 100 Ky. 571, 38 S.W. 1052, 36 L.R.A. 121; Elliott on *468 Roads & Streets (2d Ed.) § 599; Provident Inst. for Sav. v. Jersey City, 113 U.S. 506, 5 Sup.Ct. 612, 28 L.Ed. 1102; Wabash East Ry. Co. of Ill. v. Commissioners East Lake Fork Special Drainage Dist., 134 Ill. 384, 25 N.E. 781, 10 L.R.A. 285; Seattle v. Hill, 14 Wash. 487, 45 Pac. 17, 35 L.R.A. 372; 25 Am. & Eng.Ency.Law (2d Ed.) 1236.
"A statutory municipal lien upon abutting lots for sidewalk improvements, being in the nature of a governmental tax, has relation to the statute, and such a lien may be superior to a mortgage lien upon the lots given after the enactment of the law creating the lien, but before the improvements upon the sidewalks were made." (Emphasis supplied).
* * * * * *
The case of Gailey v. Robertson, supra, involved a claim that the mortgage involved therein was superior in dignity to a lien claimed by the City of Winter Haven for special assessments against the property for the paving of certain streets abutting the property.
The Supreme Court upheld the priority of the lien over the mortgage upon the authority of Lybass, supra, by saying:
* * * * * *
"The law applicable to this case was settled in this state in the case of Lybass v. Town of Fort Myers, 56 Fla. 817, 47 So. 346, in which the court say:
"`All private rights and interests in real property in a municipality are subject to the statutory powers of the municipality to levy assessments for local improvements pursuant to its governmental functions; and the legislature may by statute create liens upon private property in favor of a municipality for local improvements, and make such liens superior to other liens acquired subsequent to the enactment of the statute. (Emphasis supplied).
"`The intention of the lawmaking power to give priority to a municipal lien for local improvements over contract liens of individuals may be implied from the language of the law creating the lien and from the nature and purpose of the lien. (Emphasis supplied).
"`A statutory municipal lien upon abutting lots for sidewalk improvements being in the nature of a governmental tax has relation to the statute, and such a lien may be superior to a mortgage lien upon the lots given after the enactment of the law creating the lien but before the improvements upon the sidewalks were made. (Emphasis supplied).
"`Where a municipality has a statutory right to a lien upon abutting lots for sidewalk improvements, any mortgage lien taken subsequent to the statute is subject thereto, and where the improvements are made the lien of the city under the statute is superior to the mortgage lien.'
"[1] The only difference between the Fort Myers Case and the case at bar is that in the Fort Myers Case the statute authorizing the city to levy the special assessment existed at and prior to the date of the mortgage, while in the instant case the statute was enacted subsequent to the date of the mortgage.
"The difference, however, is immaterial."
* * * * * *
It is clear, from a reading of these cases, that the "priority of the municipal lien over the mortgage may be implied from the language of the law and from the nature and purpose of the lien".
In other words, the statute has to set forth the priority of the special assessment liens over other liens or encumbrances, either expressly or by implication.
This court in Dade County v. Federal National Mortgage Ass'n, Fla.App. 1964, *469 161 So.2d 255, considered the effect of Ordinance 62-33, wherein Dade County asserted a lien for past due and unpaid waste collection fees in a mortgage foreclosure suit. Judge Tillman Pearson for the court held that a retroactive effect of a special assessment lien for unpaid waste collection fees which became due prior to July 1, 1962, should not be implied and did not clearly appear from the county ordinance and hence such fees did not become a lien against the mortgaged realty until notice of lien was recorded.
The Federal National Mortgage Ass'n case, supra, did not decide the priority between a prior recorded mortgage and a waste lien accruing after July 1, 1962, but only as to liens accruing before July 1, 1962.
The ordinance provides, inter alia:
* * * * * *
"* * * All waste fees becoming due and payable on and after July 1, 1962, shall constitute, and are hereby imposed as, special assessment liens against the real property aforesaid, and until fully paid and discharged, or barred by law, shall remain liens equal in rank and dignity with the lien of County ad valorem taxes and superior in rank and dignity to all other liens, encumbrances, titles and claims in, to or against the real property involved."
* * * * * *
It appears therefore from the specific reading of the Ordinance that the waste fees due after July 1, 1962 are superior in rank and dignity to the mortgage involved herein, dated September 9, 1961 and recorded September 12, 1961.
The waste fees in the amount of $19.93 were due prior to July 1, 1962 and are inferior to the mortgage under the authority of Dade County v. Federal National Mortgage Ass'n, supra.
The waste fees in the amount of $43.12 were due after July 1, 1962 and became special assessment liens, superior in rank to all other liens and the mortgage involved herein, by the express language of the ordinance.
The decision of the trial court is therefore affirmed in part and reversed in part, and remanded for further action consistent herewith.
It is so ordered.