OPINION OF THE COURT
C. Raymond Radican, J.
This is a petition by Elizabeth Sampson and Ruth Messias, as executrix of the estate of Cecelia Wendell, for the payment of two bequests in the amount of $25,000 each, provided for in the last will and testament of Sam J. Kellner, plus interest at the legal rate for failure to make a timely distribution.
Sam Kellner died a domiciliary of Florida on December 29,1975 leaving a last will and testament dated October 1, 1975, which was admitted to probate in Pinellas County, Florida. On December 30,1975, letters testamentary were issued to F. T. Pebbles and the Sun First National Bank of Dunedin. Thereafter, the decedent’s will was admitted to ancillary probate in this court on January 19, 1976 and ancillary letters testamentary were issued to William Saltzman on the same date.
The petition seeks to compel the ancillary executor to pay two $25,000 bequests, plus interest at 6% commencing seven months from the date of the issuance of ancillary letters. The respondent filed a motion to dismiss on the grounds that there was a failure to state a cause of action, that the executors of the estate appointed in Florida were not made parties to the proceeding, that payment was *668 tendered but refused and that an action encompassing the issues in this proceeding and involving the same parties was pending in Florida. The petitioners have filed a cross motion to dismiss and a motion for summary judgment.
Thereafter, this court received a certified copy of a judgment of the Circuit Court, Pinellas County, Florida, authorizing the executors, who had commenced the action, to make distribution of $25,000 without interest to Ruth Messias, as executrix of the estate of Cecelia Wendell and $25,000 to Elizabeth Sampson by payment into court. The judgment contained a provision stating that all interested parties set forth in the petition had received notice and that on February 24, 1981 a default was entered into against all respondents and interested persons.
A judgment of a court of general jurisdiction is presumed to be valid (Matter of Joseph, 27 NY2d 299; Kreidler v Kreidler, 1 Misc 2d 85) and is afforded the same faith and credit in every State (Fauntleroy v Lum, 210 US 230; US Const, art IV, § 1) even where it is rendered in default (Parker v Hoefer, 2 NY2d 612, 616).
Although it has been held that a judgment against or in favor of an administrator in one State is not a bar to an action against an administrator in another State because of lack of privity (Brown v Fletcher’s Estate, 210 US 82; Johnson v Powers, 139 US 156; McLean v Meek, 18 How [59 US] 16), this rule is inapplicable to the present case since executors in separate jurisdictions are deemed to be in privity with each other (Hill v Tucker, 13 How [54 US] 458; Helme v Buckelew, 229 NY 363).
Accordingly, the court finds that the judgment of the Circuit Court of Florida, it being a court of general jurisdiction (Florida Const, art V, § 6), is entitled to full faith and credit pursuant to article IV of the Constitution of the United States.
Additionally, SCPA 1612 provides that a judgment rendered in favor of a fiduciary (whether executor or administrator) is conclusive as to the ancillary fiduciary in this State as if he were a party to the original proceeding.
Even in the absence of SCPA 1612, the court would not be inclined to pass upon the question. Ordinarily, it is the *669 duty of ancillary fiduciaries to transmit the funds in their possession to the jurisdiction in which the principal letters were granted (Matter of Beresford, 146 Misc 140) and no distribution may be made without an order of the court directing that such action be taken (SCPA 1610, subd 4).
It is the position of the court that any action by a distributee to compel the distribution of funds should be brought in the jurisdiction where principal letters were granted. Absent unusual circumstances, this court would decline jurisdiction over a petition by a distributee to compel an ancillary executor in this State to make a distribution.
For the reasons set forth, the motion to dismiss the petition to compel the ancillary executor to make a distribution and to pay interest for failure to make a timely distribution is granted.