CAMPBELL, Judge,
concurring.
It troubles me that a private developer of commercial real estate who cannot obtain private financing for infrastructure improvements necessary for his development is able to obtain the financing for such improvements through the vehicle of special municipal assessments pursuant to chapter 170, Florida Statutes (1987), and thereby subordinate a previously existing purchase money first mortgage such as appellant’s to the hen *860 of the assessment. If private financing had been utilized, appellant’s first mortgage would have retained its priority. Because, in establishing the Improvement District No. 13 within the City of Fort Myers, the city has legislatively determined that the improvements are for a public purpose within the purview of chapter 170, and because of the precedent of our supreme court in Gailey v. Robertson, 98 Fla. 176, 128 So. 692 (Fla.1929) and Lybass v. Town of Ft. Myers, 56 Fla. 817, 47 So. 346 (Fla.1908), I must concur in affirming the trial court.
My concurrence, however, does not relieve my concern for those Floridians whose only appreciable assets are their lands that they are induced to sell to a developer for a relatively small down payment and a long term purchase money mortgage in order to secure a stream of income for their nonproductive years. If the developer utilizes a financing scheme provided by special assessments such as authorized by chapter 170, the purchase money mortgage holder’s mortgage becomes subordinated by law to the lien of the assessment as did appellant’s in this ease. If the developer fails, as happened in the case before us, it is surely of little comfort to the nonconsenting mortgage holder that the property has supposedly been “enhanced” in value by millions of dollars of infrastructure improvements when the mortgage holder who has lost the priority of his mortgage cannot himself pay for those improvements in order to protect his now inferior mortgage. Were it not for the precedent of Gailey and Robertson, I would consider seriously whether article X, section 6 of the Constitution of the State of Florida had been violated by the taking of private property without full compensation. At least, it would seem to me that a municipality utilizing chapter 170 funds to provide financing for a private developer should be required to determine that a paramount public necessity exists.
I reluctantly concur in affirming the decision of the trial court.