PER CURIAM.
We review the determination of the priority of liens in a mortgage foreclosure action. The trial court ruled that the lien of appellee, City of Lauderdale Lakes (City), was superior to and had priority over the purchase money mortgage of appellant, First Nationwide Mortgage Corporation (First Nationwide). We reverse.
In 1997, a purchase money mortgage on the property was assigned to and recorded by First Nationwide. The following year, Carolyn Brantley took title to the property. On June 6, 2001, Brantley executed a Home Loan Agreement and mortgage in favor of the City. The agreement stated that the loan was given in connection with the City’s Home Investment Partnership Program for the purpose of making home repairs to the property.
On October 4, 2001, First Nationwide filed a Complaint to Foreclose Mortgage, claiming a default under the terms of the note and mortgage. The City answered the complaint, contending that its lien was superior to First Nationwide’s mortgage. The court entered summary judgment in favor of First Nationwide, but reserved jurisdiction to determine the issue of priority of liens. Thereafter, the court ruled that the City’s lien was superior to and had priority over First Nationwide’s mortgage, basing its ruling on the authority of Miami Shores Village v. Gibraltar Savings & Loan, 561 So.2d 27 (Fla. 3d DCA 1990), and Gailey v. Robertson, 98 Fla. 176, 123 So. 692 (1929).
In Gailey, Gailey held a mortgage which he claimed was superior to a hen claimed by the City of Winter Haven. The city’s lien was a special assessment against property for a local improvement — the paving of certain streets abutting the property. In holding that the city’s lien took priority, the court noted:
All private rights and interests in real property in a municipality are subject to the statutory powers of the municipality to levy assessments for local improvements pursuant to its governmental functions; and the legislature may b[y] statute create liens upon private property in favor of a municipality for local improvements, and make such liens superior to other liens acquired subsequent to the enactment of the statute. The intention of the law making power to give priority to a municipal lien for local improvements over contract hens of individuals may be implied from the *887 language of the law creating the lien and from the nature and purpose of the lien.
Id. at 693. Therefore, because the improvement served a valid public purpose, the city’s lien was superior.
In Miami Shores, the trial court ruled that Gibralter’s lien was superior to Miami Shores’ special assessment Ken for unpaid waste fees against the subject property. The third district reversed, holding that 1) the waste collection lien was superior to the mortgage Ken; and 2) Miami Shores had the authority to impose such a Ken. Id. at 28. This holding was based upon the reasoning of Gleason v. Dade County, 174 So.2d 466 (Fla. 3d DCA 1965). There, the court found that certain waste fees due to the county after the enactment of a city ordinance imposing them as special assessment Kens were superior to Gleason’s mortgage. Id. at 469.
First Nationwide acknowledges the power of municipaKties to attain superior Kens under certain circumstances, but argues that this situation is distinguishable because the mortgage held by the City arises from nothing more than the lending of money for home improvements. The City responds that its mortgage was a municipal Ken, superior to that of First Nationwide, because the loan to Brantley was part of community redevelopment and related services. It relies on section 23-68 of its Code of Ordinances, which states:
Each and every municipal Ken existing from the delivery of municipal services, including Kens for special assessments, code endorsement and the like, shall be deemed to be prior in dignity to any other Ken, including mortgages, irrespective of the date of the recording of the municipal Ken or the date of the recording of any mortgage or any other Ken on real property, and such Ken shall survive any action to foreclose such inferior Ken whether such inferior Ken arises by virtue of a mortgage, a mechanic’s Ken or other security interest in real property: provided, however, that nothing here contained shall be construed to be respecting the priority of Kens, and where such law or statute specially provides for the priority of Kens, the provisions hereof shall be construed to achieve harmony therewith.
Here, although the City’s loan to Brant-ley was provided in connection with the Home Investment Partnership Program, it was nonetheless given for the purpose of making home repairs. While an improved home ultimately may positively affect the surrounding property values and make the neighborhood more attractive for potential home buyers, the Ken held by the City was not the result of municipal services, special assessments or any other type Ken covered under section 23-68 of the City’s Code of Ordinances. It therefore does not take priority over First Nationwide’s purchase money mortgage.
REVERSED.
SHAHOOD and TAYLOR, JJ., concur.
FLEET, J. LEONARD, Associate Judge, concurs specially with opinion.