PERRY, J.,
dissenting.
The majority holds that the City of Palm Bay’s home rule authority does not provide it with the authority to enact an ordinance providing code enforcement liens superior priority over prior recorded mortgages. Because I disagree that the ordinance irreconcilably conflicts with the mechanical recording statute provided in section 162.09, Florida Statutes (2004), or that the Florida Legislature has expressed a scheme “so pervasive as to evidence an intent to preempt the particular area,”[2] I would find that the city’s ordinance was properly enacted. Accordingly, I dissent.
The majority reasons that section 162.09(3) “contains no provision expressly authorizing municipalities to establish special priority for such liens.” Maj. op. at 927. However, this is not the appropriate test to determine whether a municipality has exceeded its powers. The City of Palm Bay does not require the Legislature’s express permission to act under its home rule powers. Section 166.021(1) states in relevant part that “municipalities ... may exercise any power for municipal purposes, except when expressly prohibited by law.” Further, section 166.021(3)(c) provides that the municipality has the power to enact legislation concerning any subject matter upon which the Legislature may act except “[a]ny subject expressly preempted to state or county government by the constitution or by general law....” (Emphasis added). Thus, it is not whether the Legislature has expressly authorized municipal power, but whether such power *930 has been expressly prohibited. Here, there has been no express preemption that would prohibit the City’s action.
Because the language contained in sections 162.09, 695.11, and related provisions does not expressly conflict with the ordinance, the City was within its authority to enact the ordinance. The majority avoids this outcome by relying on a single line from this Court’s decision in Barragan v. City of Miami, 545 So.2d 252, 254 (Fla.1989), stating, “[t]he preemption need not be explicit so long as it is clear that the legislature has clearly preempted local regulation of the subject.” Maj. op. at 928. The majority’s reliance on Barragan here is misguided and misleading.
Barragan concerned an ordinance that permitted the City to deduct workers’ compensation benefits from an employee’s pension benefits in contradiction to the provisions of section 440.21, Florida Statutes (1987). Because the workers’ compensation scheme outlined in chapter 440 explicitly applied to every employer and employee working in the state, the City’s ordinance was expressly preempted by the statute. See Barragan, 545 So.2d at 254 (citing § 440.03, Fla. Stat. (1987)). In Barragan, Chief Justice Ehrlich emphasized that, “The city should not be permitted to do indirectly that which it cannot do directly.” Id. at 255 (Ehrlich, C.J., concurring in result only). In contrast, here the mechanical recording statute does not provide an all-encompassing lien priority scheme. Clearly there is no express preemption of the subject matter concerning the City’s ordinance. Yet, the majority maintains that “the Palm Bay ordinance is invalid because it conflicts with state law.” Again, the majority applies the improper test.
Express preemption is not the same as implied preemption or conflict — this Court has previously distinguished between these concepts. See Sarasota Alliance for Fair Elections, Inc. v. Browning, 28 So.3d 880, 886, 888 (Fla.2010) (defining implied preemption as “when the legislative scheme is so pervasive as to evidence an intent to preempt the particular area, and where strong public policy reasons exist for finding such an area to be preempted by the Legislature” and conflict as “when two legislative enactments cannot coexist”); see also Phantom of Brevard Inc. v. Brevard Cnty., 3 So.3d 309, 314 (Fla.2008); City of Hollywood v. Mulligan, 934 So.2d 1238, 1243, 1246-47 (Fla.2006) (internal quotations omitted). Here, section 166.021 provides that the City may act except where expressly preempted, not impliedly preempted or in conflict. These are distinct tests that should not be conflated. However, no matter the test applied here, there is no preemption evident in the statutes, neither explicit nor implicit.
While the majority recognizes that municipalities can legislate concurrently with the Legislature, see Maj. op. at 928 (citing City of Hollywood, 934 So.2d at 1243), the majority nevertheless “categorically re-jeet[s] the City’s argument that the legislative enactment of exceptions to a statutory scheme provides justification for municipalities to enact exceptions to the statutory scheme.” Maj. op. at 929. To read the statute and ordinance as unable to coexist ignores that the Legislature has not previously regarded the mechanical recording statute as a pervasive scheme without exemptions. See § 170.09, Fla. Stat. (2004) (providing lien priority and superiority for non-home rule municipality special assessments); § 197.552, Fla. Stat. (2004) (providing superiority for tax deeds except to municipal liens); § 718.116(5)(a), Fla. Stat. (2004) (providing superior lien priority for condominium assessments); § 713.07(2), Fla. Stat. (2004) (providing lien priority for construction liens). Additionally, lien pri *931 ority can be altered by contract. Likewise, courts have recognized liens with superior priority despite their inferior filing dates. In Gailey v. Robertson, 98 Fla. 176, 123 So. 692 (Fla.1929), this Court found that a “mortgagee has no greater vested right ... than the fee simple owner and the rights of both must yield alike to the sovereign power when exercised to impose proper and lawful taxes.” Id. at 179, 123 So. 692. The Court accordingly found that the mortgage held by Gailey was not prior in dignity to the lien claimed by the city of Winter Haven, despite its prior recording date. Id. at 177, 123 So. 692. In First Nationwide Mortg. Corp. v. Brantley, 851 So.2d 885 (Fla. 4th DCA 2003), the Fourth District found that a city lien was not superior to the mortgage because it “was not the result of municipal services, special assessments or any other type lien covered under section 23-68 of the City's Code of Ordinances.” Id. at 887.
I would find that the Legislature has therefore not expressed a pervasive scheme — the statutes on the issue are scattered and separately enacted. Because the Legislature has provided several exemptions to the “first in time” rule, the City may likewise legislate such a rule under its home rule authority. See Wyche v. State, 619 So.2d 231, 238 (Fla.1993) (“Although municipalities and the legislature may legislate concurrently in areas not expressly preempted to the state, a municipality’s concurrent legislation may not conflict with state law.”).
I would likewise find that there is nothing in section 695.11 that expressly preempts the City of Palm Bay’s ordinance. As described in Argent Mortgage Co. v. Wachovia Bank, N.A, 52 So.3d 796, 800 (Fla. 5th DCA 2010), section 695.11 is a “mechanism for determining the time at which an instrument was deemed to be recorded.” Because there is no express limitation by section 695.11, The City of Palm Bay had authority under section 166.021 to enact the ordinance. Accordingly, I dissent.
PARIENTE, J., concurs.

. Sarasota Alliance for Fair Elections Inc. v. Browning, 28 So.3d 880, 886, 888 (Fla.2010).