651 So.2d 191 (1995)
STATE of Florida, Appellant,
v.
Arthur L. SUMMERS, Appellee.
No. 94-01440.
District Court of Appeal of Florida, Second District.
February 24, 1995.
*192 Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia E. Davenport, Asst. Atty. Gen., Tampa, for appellant.
Donald P. Day of Berry and Day, P.A., Naples, for appellee.
THREADGILL, Judge.
The state appeals an order of the Collier County Court that declares section 316.193(6)(d), Florida Statutes (Supp. 1994), unconstitutional. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A) and section 26.012(1), Florida Statutes (1993). Because the appellee did not have standing to challenge that portion of the statute upon which his constitutional argument was based, we reverse.
The appellee's challenge to the statute was based strictly on the due process rights of innocent owners or lienholders in challenging the impoundment of a vehicle under section 316.193(6)(d). The appellee, however, was not an innocent owner or lienholder; he owned the vehicle he was driving at the time of his arrest for driving under the influence. A party to whom a statute may constitutionally be applied may not challenge that statute on the ground it may be applied unconstitutionally to others not before the court. Broadrick v. Oklahoma, 413 U.S. 601, 610, 93 S.Ct. 2908, 2914-15, 37 L.Ed.2d 830, 839 (1973); Sandstrom v. Leader, 370 So.2d 3 (Fla. 1979) (one may not challenge portions of enactment which do not adversely affect his personal or property rights). Thus, the appellee was without standing to challenge the portion of the statute that applies to innocent owners or lienholders. We therefore reverse the order declaring section 316.193(6)(d), Florida Statutes (Supp. 1994), unconstitutional.
CAMPBELL, A.C.J., and QUINCE, J., concur.