726 So.2d 380 (1999)
STATE of Florida, Appellant,
v.
Rudolph WICHMANN, Jr., Appellee.
No. 98-02531
District Court of Appeal of Florida, Second District.
February 12, 1999.
*381 Robert A. Butterworth, Attorney General, Tallahassee and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellant.
Donald P. Day of Berry, Day & McFee, P.A., Naples, for Appellee.
CAMPBELL, Acting Chief Judge.
The State challenges the trial court order finding that section 316.193(6)(d), Florida Statutes (1997), violated the due process clause and was accordingly unconstitutional. We reverse because the only party with standing to raise the issue was not properly before the court and, even so, that section of the statute has already been found to be constitutional by the Fourth District in State v. Ginn, 660 So.2d 1118 (Fla. 4th DCA 1995), rev. den, 669 So.2d 251 (Fla.1996).
The challenged section provides that when an individual is convicted of DUI, in addition to any other penalty imposed, the court shall also order the impoundment of the vehicle that was driven by, or in the control of, the offender. The vehicle is to be impounded for ten days. If the offender is not the owner of the vehicle, within seven business days of the order of impoundment, the clerk shall send notice of the impoundment to the registered owner. If the owner believes the vehicle was wrongfully taken, he or she may file a complaint in county court, and may have the vehicle released by posting a bond or other security to cover the cost of impoundment.
Appellee here was driving his employer's vehicle when he was arrested for DUI. He pleaded guilty or no contest and was adjudicated guilty. The vehicle he was driving, which was registered in the name of his employer, Annco Services, Inc., was impounded. Pursuant to the statute, the clerk notified Annco that its vehicle had been impounded for ten days. Appellee's counsel filed a motion, purportedly on behalf of appellee and Annco, asking the court to declare the statute unconstitutional, arguing that the statute improperly authorized the governmental taking of an innocent owner's property without due process and, furthermore, that the statute's effect of "punishing innocent owners of vehicles does not bear a rational relationship to a legitimate state objective."
*382 Following a hearing, the court agreed with appellee and found the statute unconstitutional on due process grounds. The trial court order also certified to us the following as a question of great public importance:
Whether section 316.193(6)(d), Florida Statutes, affords third party owners adequate due process of law when they have not been notified or given an opportunity to be heard in a meaningful hearing prior to the issuance of an order taking their personal property and impounding it for the statutorily required period.
We observe first that the issue of the constitutionality of the statute was not properly presented to the trial court for consideration. Annco did not follow the proper procedure for attacking the impoundment of its vehicle. Under section 316.193(6)(d), a third party owner or lienholder may challenge the impoundment by filing a civil complaint in county court. According to the record before us, Annco did not do this. Rather, appellee's counsel filed a motion in the criminal action, purportedly on behalf of both Annco and appellee, seeking to have the statute declared unconstitutional. However, Annco was not a proper party in the criminal action since it was not listed as a defendant on the information. Moreover, Annco never became a proper party to the action since appellee's counsel, who purported to act on Annco's behalf, never filed a notice of appearance on behalf of Annco, never filed a motion to intervene on behalf of Annco and, in fact, only signed the motion as "attorneys for defendant," which would not include Annco. Annco never signed the motion in any capacity. Under these circumstances, Annco was not a proper party before the court. See Fla. R. Civ. P. 1.230; Fla. R.Crim. P. 3.150(b) and 3.151. The only proper party before the court was appellee.
Appellee, however, did not have standing to raise the due process rights of Annco. A "person to whom a statute can be constitutionally applied may not challenge the statute on the grounds that it may result in an impermissible application to someone else." State v. Ginn, 660 So.2d 1118, 1120. See also State v. Summers, 651 So.2d 191, 192 (Fla. 2d DCA 1995) ("One may not challenge portions of enactment which do not adversely affect his personal or property rights"). Since appellee was not the owner of the impounded vehicle, he could not challenge its impoundment. Having concluded that neither of the parties could properly raise this constitutional challenge to the statute, we must reverse the court's determination that the statute is unconstitutional.
However, if the issue had been properly presented to the trial court, we would be compelled to reverse on appeal because the Fourth District has concluded that section 316.193(6)(d) does not violate due process. See State v. Ginn, 660 So.2d 1118. In Ginn, the court stated:
We begin by noting that defendant's contention that the statute denies procedural due process for lack of notice or an opportunity to be heard is based on her observation that there is no provision requiring that a pre-impoundment written notice be sent to a vehicle owner `regarding' impoundment. In Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991), and Lamar v. Universal Supply Co., Inc., 479 So.2d 109 (Fla.1985), the court found constitutional approval for deprivations of property under the forfeiture laws without a pre-seizure hearing, so long as the owner was promptly given notice and an opportunity for an immediate hearing after the seizure.
[T]he holdings in Real Property and Lamar apply whether the property owner was involved in the crime or merely an innocent owner of the property so used. In section 316.193(6)(d), the vehicles are not permanently taken; rather they are only temporarily taken, or impounded, after a conviction for drunk driving. We cannot say that the limited deprivation here requires even more constitutional protection than the permanent takings involved in Real Property and Lamar.

660 So.2d at 1119. See also State v. McKnight, 710 So.2d 1029 (Fla. 4th DCA 1998).
Having concluded that the issue was not properly before the trial court for consideration and that the court should have found *383 the statute constitutional in any event, we decline to answer the certified question and reverse.
THREADGILL and BLUE, JJ., Concur.