976 So.2d 22 (2008)
The CITY OF MIAMI, Appellant,
v.
Sidney S. WELLMAN, et al., and Nadine Theodore, et al., Appellees.
No. 3D01-3050.
District Court of Appeal of Florida, Third District.
January 23, 2008.
Rehearing Denied March 27, 2008.
*23 Jorge L. Fernandez, Sarasota, and Warren Bittner; Robert S. Glazier, Miami, for appellant.
Ronald S. Guralnick, Miami, for appellees.
Before GERSTEN, C.J., and RAMIREZ, and WELLS, JJ.

ON REMAND
RAMIREZ, J.
The City of Miami appeals the order granting plaintiffs' Motion for Injunctive Relief. Appellees Sidney S. Wellman, et al., and Nadine Theodore, et al., cross-appeal the same order. We affirm because the City's vehicle impoundment ordinance is unconstitutional for three reasons: (1) it fails to provide adequate notice; (2) it applies an incorrect standard of proof; and (3) it fails to satisfy due process requirements by not providing an innocent owner defense.

*24 I. Factual Background

The City enacted a series of ordinances empowering the police to seize and impound any motor vehicle that the police had probable cause to believe had been used to facilitate crimes that were a threat to the health, safety, and welfare of the City. See MIAMI-DADE COUNTY, FLA., CODE §§ 42-120-124 (1997). Impoundment is permitted where the vehicle contained a controlled substance, had been used for the sale or purchase of a controlled substance, had been used to facilitate the commission of an act of prostitution, assignation, or lewdness, or had been used for the illegal dumping of litter or hazardous waste. § 42-121(a)(1)-(5). However, there are three circumstances in which impoundment is not permitted where the vehicle: (1) had been reported stolen by the time it was subject to seizure or impoundment; (2) was being operated as a seizure or impoundment; and (3) was the subject of forfeiture proceedings by the state. § 42-121(d)(1)-(4).
Under the ordinances, the police officer is required to provide notice of the procedure and impoundment to certain people. § 42-121(b). The officer is required to notify, in writing, the owner of the vehicle and any person found to be in control of the vehicle at the time of the seizure and impoundment. § 42-121(b)(2). The officer is also required to advise those so notified of the right to request a hearing or recover their vehicle on payment of a civil penalty and towing and storage charges. § 42-121(b)(2). Notice is provided by hand-delivery to the person in control of the vehicle at the time of the seizure and impoundment. § 42-121(c). If neither the record owner nor the person in control of the vehicle at the time of its seizure is available to receive the notice, then the notice is provided to the record owner by certified mail, return receipt requested, within forty-eight hours of the time of the impoundment, excluding Saturdays, Sundays and legal holidays. Id.
Under the ordinances, the motor vehicle owner (or the person's agent or authorized representative) is entitled to request a preliminary hearing within five days of receiving notice to determine whether there is probable cause to impound the vehicle. § 42-122(a). If there is no probable cause to believe that the vehicle is subject to impoundment, then the vehicle must be released to the owner, agent or authorized representative. § 42-122(a)(2). If it is determined that there is probable cause to believe that the vehicle is subject to impoundment, then the vehicle remains impounded unless the owner, agent or authorized representative pays a $1,000 administrative civil penalty and towing and storage costs. Id.
At the preliminary hearing, the owner, agent or authorized representative may request a final hearing to be held no later than within thirty days of the day on which the vehicle was seized and impounded. § 42-122(b). At the final hearing, the City has the burden of showing by a preponderance of the evidence that the vehicle was being used for the proscribed illegal purposes. Id. If none of the exceptions to impoundment apply, then an order must be entered finding that the owner of record is civilly liable for a $1,000 administrative civil penalty plus towing and storage costs. Id. If the City does not meet its burden or if one of the exceptions to impoundment applies, then the vehicle must be returned to its owner. Id.
Danielle Wellman was the registered owner of a vehicle that her husband, Sidney Wellman, was operating when he was arrested and charged with soliciting prostitution. The City impounded the vehicle that was seized pursuant to the arrest. The Wellmans brought a class action complaint *25 against the City for declaratory judgment challenging the validity of the ordinances, for injunctive relief, and for unjust enrichment.
The City impounded Nadine Theodore's vehicle her husband was arrested in while using it to commit prostitution. She claimed that she was not present at the time her husband was arrested and the vehicle was seized. Moreover, she claimed that she did not know that her husband might have been using the vehicle for an illegal purpose.
The City impounded Gustav Dorcilome's vehicle when one of his passengers attempted to purchase marijuana from an undercover police officer. The City impounded Michel Chiche's vehicle when he allegedly offered to commit prostitution.
These litigants brought a declaratory action against the City, claiming that the impoundment and administrative civil penalty procedures contained in the ordinances were void on their face because the ordinances violated the common law prohibition against a party judging its own case and because the ordinances violated the Florida Constitution. They also sought to certify a class of similarly-situated persons.
The underlying actions were consolidated, and the class was certified. The class members are all owners of motor vehicles impounded by the City pursuant to the vehicle impoundment ordinances, from June 1, 1997 to the present.
The parties filed cross-motions for summary judgment to determine whether the ordinances were valid. The trial court rejected most of the plaintiffs' arguments against the ordinances but found that the ordinances were unconstitutional as applied. It issued three orders.
First, the trial court found that the ordinances were unconstitutional as applied to the extent that they did not provide an exception based on complete lack of fault (i.e. an innocent owner exception). This exception would be available to a number of different categories of people such as owners who are not present at the time of the driver's arrest, spouses, lessors or renters, joint owners, and those with liens. The trial court found that the Florida Forfeiture Act required this exception.
Second, as to notice, the trial court found that the ordinances' notice requirement was inconsistent with the Florida Forfeiture Act and that these provisions were unconstitutional as applied to certain entities. The trial court noted that certain categories of people are not automatically given notice of impoundment, such as joint owners (unless they were present at the time of the seizure), lessors, renters, and those with liens.
Third, the trial court enjoined the City from enforcing its ordinances in any manner inconsistent with the trial court's orders. The City appealed, and the plaintiffs cross-appealed.
On appeal, this Court held that the ordinances were unconstitutional because they conflicted with state law on forfeitures in City of Miami v. Wellman, 875 So.2d 635 (Fla. 3d DCA 2004), agreeing with Mulligan v. City of Hollywood, 871 So.2d 249 (Fla. 4th DCA 2003). After the Florida Supreme Court reversed the Mulligan decision, see City of Hollywood v. Mulligan, 934 So.2d 1238 (Fla.2006), it also reversed and remanded our case for reconsideration. See City of Miami v. Wellman, 944 So.2d 251 (Fla.2006). Both the Fourth District Court's decision and ours reasoned that the impoundment operated as a forfeiture; thus, the ordinances were preempted by the Florida Contraband Forfeiture Act, making the ordinances invalid. Even though the Florida Supreme Court reversed the two decisions, it recognized that the City of Hollywood's seizure and impoundment ordinance raised significant *26 constitutional concerns. See City of Hollywood, 934 So.2d at 1241. Because of the similarities between the ordinances enacted by the cities of Hollywood and Miami, we now examine these constitutional concerns.

II. Discussion

A. Adequacy of Notice

The ordinances do not clearly require that notice be promptly given to owners who are not at the scene of the impoundment. In Department of Law Enforcement v. Real Property, 588 So.2d 957, 966 (Fla.1991), the Florida Supreme Court stated: "In all forfeiture cases, due process under article I, section 9 of the Florida Constitution requires that notice shall be served on all persons whom the agency knows, or with reasonable investigation should know, have a legal interest in the subject property." Due process provides: "No person shall be deprived of life, liberty or property without due process of law. . . ." Art. I, § 9, Fla. Const. Even though an impoundment is not a forfeiture, we hold that the notice requirement under due process applies to impoundment cases.
The City does not contest that due process requires adequate notice. It argues, however, that notice is in practice given to all persons listed as the owner on state records and that the towing company gives additional notice. We have not been provided with any case upholding the constitutionality of a statute or an ordinance where the notice requirements of the statute are inadequate and where the "practice" is to give adequate notice. Such voluntary compliance, however, could be discontinued by the City at any time. Additionally, the ordinance does not require any notice to lessors, renters, and lienors.

B. Adequacy of Hearing

The ordinances also have been challenged because they give a special master the authority to decide whether there was probable cause for the seizure of the vehicle, in violation of the constitutional separation of powers. In Broward County v. La Rosa, 505 So.2d 422, 423-24 (Fla.1987), the Florida Supreme Court stated:
Article II, section 3, of the Florida Constitution mandates a separation of power between the three branches of state government. As the district court correctly pointed out, although the legislature has the power to create administrative agencies with quasi-judicial powers, the legislature cannot authorize these agencies to exercise powers that are fundamentally judicial in nature. An administrative agency conducts a quasi-judicial proceeding in order to investigate and ascertain the existence of facts, hold hearings, and draw conclusions from those hearings as a basis for their official actions. Admittedly, the boundary between judicial and quasi-judicial functions is often unclear. Nevertheless, we cannot imagine a more purely judicial function than a contested adjudicatory proceeding involving disputed facts that results in an award of unliquidated common law damages for personal injuries in the form of humiliation and embarrassment.
(citations and footnote omitted).
We conclude that there is nothing objectionable about the City's procedure for determining the impoundment of motor vehicles. We previously have approved a local government's use of an administrative proceeding to determine violations of local codes. See Verdi v. Metro. Dade County, 684 So.2d 870, 874 (Fla. 3d DCA 1996) (holding that "code enforcement proceedings are quasi-judicial rather than judicial in nature and that the County's use of hearing officers in these proceedings is constitutionally authorized").
As to a determination of probable cause in an administrative proceeding, we believe *27 it is common for such a hearing to decide the issue of probable cause to believe a crime has been committed. For example, suspensions of driver licenses are determined in an administrative proceeding where one of the issues to be determined by the hearing officer is whether there was probable cause to believe that the driver was violating the law. See Dep't of Highway Safety & Motor Vehicles v. Silva, 806 So.2d 551 (Fla. 2d DCA 2002).
Likewise, there is nothing objectionable about the hearing officer's limited authority to impose monetary sanctions. The City's ordinances authorize a fine of up to $1,000, plus the costs of towing and storage. §§ 42-121(b)(2), 42-122. This type of fine is a proper administrative sanction, as opposed to non-quantifiable damages which are uniquely within the jurisdiction of the courts. See Laborers' Int'l Union v. Burroughs, 541 So.2d 1160 (Fla.1989); Broward County v. La Rosa, 505 So.2d 422 (Fla.1987). In Verdi, 684 So.2d at 874-75, we upheld administrative fines against one property owner totaling $25,500 plus costs.

C. Standard of Proof

The City's ordinances call for a standard of proof of "preponderance of the evidence" as opposed to a "clear and convincing evidence" standard. The City argues that courts have approved the use of the preponderance of the evidence standard for a driver's license suspensions. See Dep't of Highway Safety & Motor Vehicles v. Stewart, 625 So.2d 123 (Fla. 5th DCA 1993) (upholding subsection 322.2615(7)).
On the other hand, the Florida Supreme Court has stated that the Forfeiture Act "constitutionally means that the government may not take an individual's property in forfeiture proceedings unless it proves, by no less than clear and convincing evidence, that the property being forfeited was used in the commission of a crime." See Dep't of Law Enforcement, 588 So.2d at 968. Although the Florida Supreme Court has also instructed us that impoundment is not a forfeiture in City of Hollywood v. Mulligan, 934 So.2d 1238 (Fla. 2006), we still view impoundment more analogous to a forfeiture than a driver's license suspension. Driving traditionally has been viewed by courts and the legislature as a privilege. On the other hand, the deprivation of property and the assessment of fines should call for the higher standard.
We thus conclude that the City's ordinances do not provide adequate notice. It is also constitutionally infirm because it calls for a preponderance of the evidence standard of proof.

D. Innocent Owner Defense

The plaintiffs argue that due process requires that governmental entities must show guilty intent on the part of the owner. The Florida Supreme Court has also provided us with guidance as to this issue in Department of Law Enforcement, 588 So.2d at 968, where it stated: "Lack of knowledge of the holder of an interest in the property that the property was being employed in criminal activity is a defense to forfeiture, which, if established by a preponderance of the evidence, defeats the forfeiture action as to that property interest."
The City relies on State v. Wichmann, 726 So.2d 380 (Fla. 2d DCA 1999), but there the court reversed because the issue of the constitutionality of the statute was not properly presented to the trial court for consideration. Id. at 382. Counsel purported to attack the impoundment of the vehicle on behalf of the owner by filing a motion in the criminal action, where the owner was not a party. Id. The only proper party before the court was the criminal defendant, who had been arrested for driving the owner's car while under the influence. Id. at 381. The criminal defendant *28 did not have standing to raise the due process rights of the owner. Id. at 382. The opinion then proceeds in dicta to discuss the constitutional challenge to the statute and states that the lack of a pre-seizure hearing did not render the statute unconstitutional. Id. Even in its dicta, the court does not discuss whether the lack of an innocent owner defense is a violation of due process.
Although mindful that impoundment is not equivalent to forfeiture, we do not believe that an ordinance that does not allow for an innocent owner to be immune from loss of property and additional monetary penalties can satisfy due process.

III. Conclusion

In conclusion, having found three constitutional flaws with the City's ordinances, we decline the City's invitation "to impose additional requirements" to make the ordinances constitutional. Appellate courts should not be in the business of drafting ordinances to make them constitutional. We therefore affirm the order granting injunctive relief.