Dear Ms. D'Agresta:
On behalf of the School Board of Osceola County, you ask substantially the following question:
May the school board continue offering its health insurance program to former employees who separated from employment with the board prior to 2007 and began participating in the health insurance program at that time, but who do not meet the definition of a "retiree" contained in section 112.0801, Florida Statutes, as amended during the 2007 legislative session?
You state that prior to 2007, the School Board of Osceola County allowed any employee who left employment with the board and marked on a pre-printed action form that the employee was retiring, to continue participation in the board's health insurance program, "regardless of whether the former employee was also retiring under the School Board's retirement system." Due to changes in section 112.0801, Florida Statutes, during the 2007 legislative session, defining "retiree" for purposes of the act, there is a question as to whether the school board may continue extending coverage to former employees who did not retire under the board's retirement system.
Section 112.0801, Florida Statutes, requires a public agency that provides life, health, accident, hospitalization, or annuity insurance for its officers and employees through a group insurance plan or self-insurance plan to allow all former personnel who have retired, the option of continuing to participate in the group insurance or self-insurance plan. The statute states that "[r]etirees and their eligible dependents shall be offered the same health and hospitalization insurance coverage as is offered to active employees at a premium cost of no more than the premium cost applicable to active employees."[1]
During the 2007 legislative session, a definition for "retiree" was added to the statute:
"[A]ny officer or employee who retires under a state retirement system or a state optional annuity or retirement program or is placed on disability retirement and who begins receiving retirement benefits immediately after retirement from employment. In addition to these requirements, any officer or employee who retires under the Public Employee Optional Retirement Program established under part II of chapter 121 shall be considered a "retired officer or employee" or "retiree" as used in this section if he or she:
(a) Meets the age and service requirements to qualify for normal retirement as set forth in s. 121.021(29); or
(b) Has attained the age specified by s. 72(t)(2)(A)(i) of the Internal Revenue Code[2] and has 6 years of creditable service."[3]
In Attorney General Opinion 2008-05, this office was asked whether a county employee who had taken early retirement and was enrolled in the Public Employee Optional Retirement Program was entitled to receive group insurance benefits immediately after retirement, but before reaching the normal retirement age set forth in section 121.021(29), Florida Statutes.[4] This office looked to the plain language of the statute to find that "retiree" would not include an employee taking early retirement who did not otherwise meet the age and service requirements for normal retirement, nor have the requisite years of service or age specified in the Internal Revenue Code. Thus, it was concluded that the county was not required to allow such a former employee to continue participation in its health insurance program.
A subsequent opinion of this office addressed whether a municipality could offer retiring employees a one-time opportunity to participate in the city's employee group health and life insurance program without allowing those retirees who have dropped participation in the city's insurance program another opportunity to participate in that program in the future. Attorney General Opinion 2008-41 recognized that nothing prohibits a public agency from offering its retirees and their eligible dependents continued coverage at the same premium as active employees for types of insurance coverage other than health and hospitalization; however, section 112.0801, Florida Statutes, does not require the public agency to do so.[5]
Pointing out that municipalities have broad home rule powers to legislate concurrently with the legislature on any subject which has not been expressly preempted, the opinion concluded that the city could offer retirees a one-time option to participate in its health insurance program, with no opportunity to participate at a future date should the retirees change their minds.
While section 112.0801, Florida Statutes, requires public agencies to allow retirees to continue participation in the same group health insurance plan offered to active employees, the statute does not appear to operate as a preemption of the matter such that a public agency could not otherwise extend coverage to retired persons who may not strictly fall within the definition provided therein. Rather, section 112.0801, Florida Statutes, sets the minimum requirements that public agencies must provide. Absent a specific statement preempting local regulation of the subject of extending group insurance benefits to retired employees, this office cannot read such a preemption into the statute.[6]
This office, on many occasions, has recognized that school boards have home rule authority.[7] In Attorney General Opinion 86-45, this office discussed the variant of home rule power conferred on school boards and stated that "it has been the position of this office that (section1001.32(2), Florida Statutes) conferred on school boards a variant of `home-rule power,' and that a district school board may exercise any power for school purposes in the operation, control, and supervision of the free public schools in its district except as expressly prohibited by the State Constitution or general law." It is ultimately the responsibility of the school board to determine whether a particular expenditure satisfies a school purpose; this office may not make such a determination.
Accordingly, it is my opinion that section 112.0801, Florida Statutes, does not preclude the school board from offering its health insurance program to former employees who separated from employment with the board prior to 2007 and began participating in the health insurance program at that time, even though such former employees do not meet the definition of a "retiree" contained therein.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 112.0801(1), Fla. Stat.
[2] Section 72(t)(2)(A)(i), Internal Revenue Code, provides:
"(2) Subsection not to apply to certain distributions
Except as provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions:
(A) In general
Distributions which are —
(i) made on or after the date on which the employee attains age59½[.]" (e.s.)
[3] Section 112.0801(2), Fla. Stat., as amended by s. 1, Ch. 2007-100, Laws of Fla.
[4] Section 121.021(29), Fla. Stat., states:
"`Normal retirement date' means the first day of any month following the date a member attains one of the following statuses:
(a) If a Regular Class member, the member:
1. Completes 6 or more years of creditable service and attains age 62; or
2. Completes 30 years of creditable service, regardless of age, which may include a maximum of 4 years of military service credit as long as such credit is not claimed under any other system.
(b) If a Special Risk Class member, the member:
1. Completes 6 or more years of creditable service in the Special Risk Class and attains age 55;
2. Completes 25 years of creditable service in the Special Risk Class, regardless of age; or
3. Completes 25 years of creditable service and attains age 52, which service may include a maximum of 4 years of military service credit as long as such credit is not claimed under any other system and the remaining years are in the Special Risk Class. (c) If a Senior Management Service Class member, the member:
1. Completes 6 years of creditable service in the Senior Management Service Class and attains age 62; or
2. Completes 30 years of any creditable service, regardless of age, which may include a maximum of 4 years of military service credit as long as such credit is not claimed under any other system.
(d) If an Elected Officers' Class member, the member:
1. Completes 6 years of creditable service in the Elected Officers' Class and attains age 62; or
2. Completes 30 years of any creditable service, regardless of age, which may include a maximum of 4 years of military service credit as long as such credit is not claimed under any other system.
`Normal retirement age' is attained on the `normal retirement date.'"
[5] See Op. Att'y Gen. Fla. 2008-41, citing Legislative Analysis of SB 399, dated April 3, 1987, and Staff Analysis on CS/CS/HB 381 (companion bill to SB 399), Retirement, Personnel Collective Bargaining Committee, House of Representatives, dated June 15, 1987; Tape, Committee on Personnel, Retirement and Collective Bargaining, Florida Senate, dated April 22, 1987. See generally Op. Att'y Gen. Fla. 96-06 (1996) (s. 112.0801, Fla. Stat., authorizes, but does not require, a district school board to pay the cost of health and hospitalization insurance for a retired school board member and his or her eligible dependents). Cf. Op. Att'y Gen. Fla. 91-43 (1991) (s. 112.0801 requiring special district to offer retired employees and their eligible dependents participation in district's group insurance or self-insurance plan, does not apply to all former personnel of district, but only to former personnel who have retired under district's retirement plan).
[6] See City of Hollywood v. Mulligan, 934 So. 2d 1238, 1243 (Fla. 2006) (express pre-emption requires a specific statement; the pre-emption cannot be made by implication nor by inference).
[7] See Ops. Att'y Gen. Fla. 86-45 (1986), 84-95 (1984), and 84-58 (1984).