Corrected Opinion On Motion for Rehearing after Remand
 

 PER CURIAM.
 

 We grant the City’s motion for clarification and substitute the following for our January 28, 2009, opinion. We grant rehearing, withdraw our opinion on remand,
 
 [1]
 
 and substitute the following in its place. We adopt the analysis and reasoning of the Third District in
 
 City of Miami v. Wellman,
 
 976 So.2d 22 (Fla. Bd DCA 2008). We deny the City’s motion for certification.
 

 Initially, the Third District found the notice provision in the comparable vehicle impoundment ordinance insufficient because it failed to require notice to owners of the seized vehicle who are not on the scene at the time of arrest.
 
 Wellman,
 
 976 So.2d at 26. We agree with the Third District’s analysis and find the indistinguishable Hollywood ordinance constitutionally deficient for the same failing.
 
 See
 
 Art. I, § 9, Fla. Const., and
 
 Dep’t Law Enforcement v. Real Property,
 
 588 So.2d 957, 966 (Fla.1991) (holding that due process requires notice must be given to all persons who the forfeiting authority with reasonable investigation knows may have a legal interest in the subject property).
 

 Next the Third District found the comparable ordinance deficient in regard to the standard of proof.
 
 Wellman,
 
 976 So.2d at 27. We agree that the correct constitutional standard is clear and convincing evidence.
 
 See Dep’t of Law Enforcement,
 
 588 So.2d at 968.
 

 Finally as to the innocent owner defense, we accept the concession of appellant and hold that the Hollywood ordinance does in fact allow a joint owner to show innocence of any misuse of the property otherwise justifying impoundment.
 
 See Dep’t of Law Enforcement,
 
 588 So.2d at 968 (holding that “[l]ack of knowledge of the holder of an interest in the property that the property was being employed in criminal activity is a defense to forfeiture, which, if established by a preponderance of
 
 *1260
 
 the evidence, defeats the forfeiture action as to that property interest”).
 

 Reversed and remanded for consistent proceedings.
 

 POLEN, FARMER and MAY, JJ., concur.
 

 [1]
 

 .
 
 See Mulligan v. City of Hollywood,
 
 2008 WL 723843, 33 Fla. L. Weekly D783 (Fla. 4th DCA Mar. 19, 2008).