LAWSON, J.
The Town of Ponce Inlet (“the Town”) appeals a final summary judgment entered in favor of Pacetta, LLC (“Pacetta”), which invalidated a town charter amendment (adopted by referendum placed on the ballot through a citizens’ initiative petition) and conforming ordinance[1] that elevated land use restrictions already in place on Pacetta’s property to the status of immutable charter provisions, most notably barring or restricting the construction and operation of dry boat storage facilities on the property. We review the matter de novo. Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001) (holding that the de novo standard of review applies to a trial court’s decision to grant or deny summary final judgment); City of Hollywood v. Mulligan, 934 So.2d 1238 (Fla.2006) (applying de novo standard of review to lower court’s determination of validity of city ordinance). Finding that summary judgment was properly entered in Pacet-ta’s favor, we affirm.
On appeal, the Town first argues that a genuine issue of material fact existed regarding the number of “parcels” affected by the charter amendment. This issue was significant because section *841 163.3167(12), Florida Statutes (2008),[2] prohibits local initiatives or referenda in regard to development orders or comprehensive amendments affecting five or fewer “parcels,” as defined by section 163.3164(16). Cf. Preserve Palm Beach Political Action Comm. v. Town of Palm Beach, 50 So.Sd 1176, 1179 (Fla. 4th DCA 2010) (“The right of the people to vote on issues they are entitled to vote on is one of utmost importance in our democratic system of government. But there are issues — such as the right of a small landowner to use his property subject only to government regulations — which should not be determined by popular vote. Section 163.3167(12) rightfully protects the small landowner from having to submit her development plans to the general public and ensures that those plans will be approved or not, instead, by the elected officials of the municipality in a quasi-judicial process.”).
Although the number of parcels involved an issue of fact, Pacetta submitted uncon-troverted evidence that its land constituted a single parcel as defined in the Growth Management Act. Section 163.3164(16), Florida Statutes (2008), defines “parcel of land” as:
[A]ny quantity of land capable of being described with such definiteness that its locations and boundaries may be established, which is designated by its owner or developer as land to be used, or developed as, a unit or which has been used or developed as a unit.
In support of its summary judgment motion, Pacetta filed an affidavit, a deposition with exhibits, and sworn testimony from a hearing. Together, these clearly show that although the land was originally owned in smaller tracts by various prior owners, Pacetta purchased these tracts, which together comprised contiguous holdings of over sixteen acres, on which it sought to build a single, planned mixed-use development. The various deeds, legal descriptions and drawings submitted with the sworn testimony conclusively demonstrate that Pacetta’s land was “capable of being described with such definiteness that its locations and boundaries can be established.” The submissions also established, without contradiction, that the land had been “designated by its owner,” Pacetta, “as land to be used, or developed as, a unit.”
The Town argues, first, that the trial court should have looked only at the prior or existing uses of the property (i.e., whether it had been developed as a unit in the past); second, that Pacetta could not establish that it had designated the land to be used for its stated purpose because it had not yet applied to the Town for permits to construct the development; and, third, that a mixed-use development cannot qualify as a “parcel of land” because of its multiple intended uses.[3] We reject these arguments as inconsistent with the plain language of the statute. Section 163.3164(16) plainly defines “parcel” to include land “to be used, or developed, as a unit.” This language clearly contemplates consideration of a planned future use of *842 the property, does not require that the owner file applications as a prerequisite to establishing its intended use of the property,[4] and in no way limits the development “unit” to single uses.
Because the evidence was uncontrovert-ed that the citizens’ initiative referendum affected five or fewer parcels,[5] the trial court correctly determined that the referendum violated section 163.3167(12), and declared it invalid. With respect to the ordinance conforming the comprehensive plan to the referendum, it only makes sense to hold the ordinance invalid as well — as this would be the only way to give effect to section 163.3167(12). In reaching this conclusion, we have considered and rejected the Town’s argument that even if the referendum is declared invalid, the court is powerless to invalidate a legislative action of the board under the “fairly debatable” standard typically applicable to this type of board action. See Martin County v. Yusem, 690 So.2d 1288, 1294 (Fla.1997) (holding that “amendments to a comprehensive plan are legislative decisions subject to the fairly debatable rule”). This case is distinguishable from Yusem, which involved a governing board’s routine exercise of its normally broad discretion in enacting legislation. Here, the Board was taking the only course of action which appeared open to it by adopting a comprehensive plan amendment that mirrored the referendum enacted by the electorate. The Board had nothing to debate, and its perfunctory action in adopting the ordinance does not merit the deference that would be afforded to a board’s legislative determination that one of multiple available courses of action would best serve the needs of the public.
Finally, we note that although the trial court found the referendum and ordinance invalid on other grounds as well, we need not reach any other issue having found that summary judgment was properly entered — and the referendum and ordinance were properly held invalid — based on the application of section 163.3167(12).
AFFIRMED.
SAWAYA and ORFINGER, JJ., concur.

. The ordinance amended the Town's comprehensive plan ("comp plan”), to include the land use restrictions adopted by the electorate in the referendum.

. This statute is part of Florida's "Growth Management Act,” chapter 163, Florida Statutes (2008), a comprehensive scheme governing land use regulation originally adopted as chapter 85-55, Laws of Florida.

. As we understand this argument, an owner who planned to build a ten-acre single-use multifamily residential development (e.g., apartment buildings) could count the development as a "unit” because it involves only one "use.” However, if the owner planned to use the same ten acres to construct a development that combined single-family and multifamily dwellings with restaurants and shops, the owner would have to count each "use” as a separate "unit” of development.

. We also note that Pacetta had been working successfully with the Town to secure comprehensive plan amendments that would have fully accommodated its planned mixed-use development, until that effort was thwarted by the citizens' initiative referendum. It would not have made sense for Pacetta to apply for approvals to build a development that it recognized to be inconsistent with elements of the existing comprehensive plan. Additionally, the Town had a building moratorium in effect at the time that would have independently served as a basis for denial of any permits for construction of Pacetta's planned development.

. The uncontroverted evidence established that part of the referendum affected only Pa-cetta’s land and that another section affected only Pacetta’s land and two other parcels.